UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

WEST,                                         :

        Plaintiff(s),               :          ORDER

        - against -                  :          02 Civ. 5630 (SCR) (LMS)

COLUMBIA MACHINE, INC.,                       :

        Defendant(s).               :

------------------------------------------------------------x

The parties in this case have come to an impasse with regard to paying the experts who have been deposed. Plaintiff's counsel seeks payment of an amount approximating $5,033.74[1], broken down as noted below. Defendant's counsel seeks payment of an amount of either $5,695.50 or $3,073.50, depending on which submission is relied upon, also broken down below. For the reasons set forth herein, I conclude that Plaintiff's experts are to be reimbursed for the expenses relating to their depositions at a total cost of $3,913.15, and Defendant's expert is to be reimbursed for the expenses relating to his deposition at a total cost of $1,923.50. The parties are to be responsible for paying their own experts, and Defendant is responsible to pay Plaintiff's counsel the difference between the two amounts, totaling $1,989.65.

The plaintiff's experts have charged as follows:

| George Schultz | $640 | travel | 8 hours at $80/hour |
| --- | --- | --- | --- |
| | 270 | preparation | 1.5 hours at $180/hour |
| | 540 | deposition | 3 hours at $180/hour |
| | 660.50 | expenses | no breakdown or explanation |

---

[1] I say approximate because there are finance charges being accrued, apparently on a daily basis.

|  |  |  |  |
|---|---|---|---|
|  | <u>202.59</u> | finance charge |  |
|  | $2,313.09 |  |  |
|  |  |  |  |
| Les Winter | $825 | travel | 3 hours at $275/hour |
|  | 1,856.25 | deposition | 6.75 hours at $275/hour |
|  | -- | preparation | courtesy, no charge for 1.5 hours |
|  | 1.90 | expenses | tolls |
|  | <u>37.50</u> | expenses | mileage 100 miles at 37.5¢/mile |
|  | $2,720.65 |  |  |

Total for plaintiff's experts: $5,033.74.

Defendant's expert has charged as follows:

| Peter Schwalje | $2,622 | preparation | described as "primarily preparation time for the deposition" in counsel's letter, but the bill reflects that it is for "professional services for the inclusive period of 5/28/04 through 9/7/04, including: review and study of all file materials in preparation, review of technical literature, review of codes and standards, predeposition conference, telephone conferences and correspondence." 11.4 hours at $230/hour |
|---|---|---|---|
|  | 2,990 | deposition and travel | 13.0 hours at $230/hour |
|  | 151 | expenses | described as tolls, mileage and parking, without further breakdown; counsel concedes the correct amount should be $83.50. |

Total for defendant's expert (as corrected): $5,695.50 with "preparation time" or $3,073.50 with out preparation time, as originally billed to plaintiff's counsel.

It is conceded that there was no agreement between counsel prior to the depositions of the experts as to payment of the experts, although defendant's counsel asserts that she tried to get an agreement from plaintiff's counsel that each side would be responsible for paying its own experts. No agreement was reached. No issue was raised about expert fees or about reimbursement of travel expenses prior to the expert depositions.

The relevant portion of Federal Rule of Civil Procedure 26(b)(4)(C) provides:

> Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision[.]

The questions in this case are whether "reasonable fee" includes the travel time of the various experts, and what description of expenses is necessary in order for the Court to ascertain whether those expenses are "reasonable." In determining whether an expert fee is "reasonable," courts are guided by the following factors:

> (1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him [or her], (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

Adams v. Memorial Sloan Kettering Cancer Center, 00 Civ. 9377 (SHS), 2002 WL 1401979, at *1 (S.D.N.Y. June 28, 2002) (*quoting* Coleman v. Dydula, 190 F.R.D. 320, 324 (W.D.N.Y.1999)); see also Silberman v. Innovation Luggage, Inc., 01 Civ. 7109 (GEL)(DF), 2002 WL 1870383, at *1 (S.D.N.Y. August 13, 2002); Grdinich v. Bradlees, 187 F.R.D. 77, 82-83 (S.D.N.Y. 1999); Magee v. The Paul Revere Life Insurance Co., 172 F.R.D. 627, 645 (E.D.N.Y.1997). None of the listed factors are dispositive of the question of reasonableness. See Grdinich, 187 F.R.D. at 83.

While the cases on the issue of remuneration for an expert's travel expenses are not unanimous, there is authority for the notion that travel expenses either ought not to be reimbursed or ought not to be reimbursed at the same rate as other time spent by the expert for

the deposition itself.  See Lent v. Fashion Mall Partners, L.P., 223 F.R.D. 317, 318 (S.D.N.Y. 2004) (where no showing that acceptable security experts available in NY area, no payment of other than local travel expenses); Mannarino v. United States, 218 F.R.D. 372, 377 (E.D.N.Y 2003) ("The general rule, which this court follows, is that compensation for travel time should be half the regular hourly amount charged."); Frederick v. Columbia University, 212 F.R.D. 176, 177 (S.D.N.Y. 2003) (reimbursement for travel time lowered to $200 per hour from $300 per hour and no requirement for expert to be repaid for first class travel and accommodations); Grdinich v. Bradlees, 187 F.R.D. at 83 (travel time reimbursed at 1/2 the rate of time spent testifying).

Plaintiff argues that George Schultz, the expert they selected, was uniquely qualified to testify in this case, and that his particular expertise was not available in any more locally available expert.  Of course, Defendants contest this, noting that their expert (as well as the Plaintiff's other expert, Les Winter) was from New Jersey.  Neither side has offered any evidence regarding the availability of more local experts.

I am satisfied that Plaintiffs should have the opportunity to select an expert with specific qualifications, and that some travel time was necessary for their expert, and should be subject to reimbursement.  I also note that Mr. Schultz billed his travel time at less than 1/2 of his usual rate, that is $80 per hour rather than $180 per hour.  I find this to be reasonable.  However, I am not satisfied that an expert of similar qualifications could not have been found at a closer distance, requiring less travel time.  While a total of 8 hours for round trip travel is not unreasonable from Chicago to New York, I conclude that Plaintiff's expert should be reimbursed by Defendant for 4 hours of travel time, total, at a rate of $80 per hour.  He is also entitled to

reimbursement for the 1.5 hours of preparation time and 3 hours of deposition, all at his rate of $180 per hour, which I find to be reasonable. However, the expenses of $660.50 are not explained, and the Court is therefore unable to assess their reasonableness. The amount expressly excludes the cost of lodging, and therefore is likely to include plane fare, as well as taxi or automobile transportation, plus parking in Chicago, and some meals. Without further explanation, however, the Court is constrained to Order reimbursement of airfare at a rate of $325 (with a week's advance purchase airfare can be obtained from $222 to $405), with reasonable expenses at each end of $50, plus $50 for meals, totaling $475 for reimbursable expenses. Thus, the total reimbursable expenses for which Defendants are responsible for George Schultz is $1,605.

I am somewhat troubled that Plaintiff's counsel has elected not to bring this dispute to the Court's attention at the very earliest time, since finance charges have accrued on Mr. Schultz's outstanding bill since November. This is not reasonable, nor is it fair. The Discovery Order on file in this case requires disputes to be brought to the Court's attention promptly, else the objecting party may waive their objection. In this case Plaintiff's counsel failed to act promptly to resolve this issue. Plaintiff's counsel shall bear the cost of the finance charges.

While I find the asserted expenses for Mr. Winter to be more thorough and reasonable, I am constrained to reduce the award for travel time from the claimed $825 (3 hours at $275) to $412.50, reflecting a 50% reduction in rate for travel time. I do this somewhat reluctantly, as Mr. Winter did not charge for his preparation time, but I nevertheless am constrained to apply the same standard to all the experts. Thus, the reimbursable expenses for Mr. Winter are $2308.15.

The total amount due and owing for the depositions of Plaintiff's experts is therefore $3,913.15.

Defendants, by contrast, belatedly submit[2] a claim for an additional 11.4 hours of their expert's time, at a total additional cost – not previously demanded – of $2,622. If defendant is intending now to make any claim for this additional amount, it is clearly too late in the process. Interestingly, the amount actually claimed in the original letter from Defendant's counsel to Plaintiff's counsel – 13.0 hours at $230 per hour, for a total of $2,990 – includes round trip travel time, presumably from Edison, New Jersey to White Plains. This time ought to approximate 3 hours (Mapquest reflects a time of one hour, 22 minutes, for each direction of the trip). In fairness, the travel may have been during rush hour, so I will award 4 hours for travel time at $115 per hour – 1/2 the normal rate. This totals $460. This would leave approximately 9 of the originally claimed 13 hours for the deposition itself. However, the records submitted to the Court indicate that Mr. Schwalje's deposition commenced at 10:35 am and ended at 4:10 pm. – even with some wait time before, the maximum amount of time I can award for the deposition is 6 hours, for a total of $1,380. I find that the expenses claimed for tolls, mileage, and parking, at $83.50, are appropriate. This leads to a total amount Plaintiff is responsible for of $1,923.50.

In sum, Defendant owes $1,989.65 to Plaintiff's counsel, and all parties are otherwise responsible for paying their own experts' outstanding bills.

---

[2] To be fair, the mention by defendant of this additional amount resulted from my request for a further breakdown of Mr. Schwalje's bill, and defendant does not assert in the letter of April 21, 2005, that this amount is actually owing, nor has defendant amended its demand in any way.

This constitutes the Decision and Order of the Court.

Dated: May 5, 2005
White Plains, New York

**SO ORDERED**

_____
Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York